## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| ELLISHA T. WILLIAMS,<br>　　　　　　　　Plaintiff, | )<br>)<br>) Civil No:___:__-CV-___ |
| v. | )<br>) ACTION FOR DECLARATORY |
| VIRGIN ISLANDS NEXT GENERATION<br>NETWORK (viNGN), STEPHAN ADAMS,<br>JOANNA P.  SEVERIN, AND PAMELA FINLEY<br>individually, and in their respective employee capacities<br>of Defendant ViNGN,<br>　　　　　　　　Defendants. | ) JUDGMENT, PROHIBITED<br>) RETALIATORY ACTS IN<br>) EMPLOYMENT; ABUSE OF<br>) PROCESS ; COMPENSATORY<br>) DAMAGES<br>)<br>) JURY TRIAL DEMANDED |

## VERIFIED COMPLAINT

**ELLISHA T. WILLIAMS, Plaintiff,** through her attorney **MANNING LEGAL SERVICES, P.C.,** (Atiim Dia Abraham, Esq.), pursuant to Fed. R. Civ. P. 8, files her Complaint against **VIRGIN ISLANDS NEXT GENERATION NETWORK (viNGN)** and its employees, **STEPHAN ADAMS, JOANNA P. SEVERIN**, and **PAMELA FINLEY, Defendants,** joint and severally. In support thereof the Plaintiff states as follows:

### JURISDICTION

1. This Court has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201(a); the American Disabilities Act,42 U.S.C. § 12101, et seq.; and, because this matter presents several federal questions, e.g., whether the Defendants' conduct violated the Plaintiffs' due process rights under the 14th Amendment; whether the Defendant's conduct violated the Civil Rights Act of 1964, 42 U.SC. §2000, et. seq.

### VENUE

2. Venue is appropriate as the issue that brought rise to this action occurred on St. Croix, U.S. Virgin Islands; the Plaintiff is a resident of St. Croix. U. S. Virgin Islands, Defendant Virgin Islands Next Generation Network (viNGN) is a wholly owned subsidiary corporation of the

Virgin Islands Public Finance Authority, organized and registered to operate in the U.S. Virgin Islands, and the latter Defendants are residents/domiciliaries of the U.S. Virgin Islands and employees of Defendant viNGN.

## THE PARTIES

3.  Plaintiff Ellisha T. Williams is an employee of Defendant viNGN.

4.  Defendant Stephan Adams is the Chief Operating Officer of Defendant viNGN.

5.  Defendant JoAnna P. Severin is the Director of Human Resources of Defendant viNGN.

6.  Defendant Pamela Finley is an employee of Defendant viNGN, its Chief of Staff, and was the immediate supervisor of Plaintiff during her probationary period as Warehouse Manager for Defendant viNGN's St Croix facility.

## ALLEGATIONS

7.  Plaintiff, a female, disabled veteran of the United States Armed Forces and the Virgin Islands National Guard, was hired as a Field Technician by Defendant viNGN in August 2014 and successfully completed her six-month period of provisional employment for the position.

8.  Plaintiff was employed with Defendant as a field technician until she asked to apply for the Warehouse Coordinator position at Warehouse Manager in September 2021. At the time of her request, Plaintiff's annual salary as a Field Technician was $53,000.00 per annum.

9.  Defendant Adams, CEO offered Plaintiff the Warehouse Manager position and not the Warehouse Coordinator position. The Warehouse Coordinator is subordinate to Warehouse Manager. Plaintiff accepted the position and despite the change in duties and responsibilities, Plaintiff's salary remained.

unchanged.

10.  On September 29, 2021, an outside plant meeting was convened by Defendant Adams. At that meeting, Defendant Adams disclosed that he had been recently suspended but could not

be terminated because of his contract. At that same meeting -as an aside to his disclosure- the Plaintiff disclosed to Defendant Adams that she had had an innocuous conversation regarding his performance with a Board Member sometime prior.

11. Plaintiff's opinion and statements to the Board member were supportive of Defendant Adams. Nevertheless, later that day, Plaintiff was summonsed to Defendant Adam's office by Defendant Mrs. JoAnna P.Q. Severin, Director of Human Resources, wherein Defendant Adams blindsided the Plaintiff with an accusation of lying and further, demanded that Plaintiff disclose the name of the Board Member with whom she had spoken.

12. Plaintiff acquiesced and provided the name of the Board Member.

13. Plaintiff submits that after her disclosure to Defendants Adams and Severin, that she became the victim of retaliatory actions by her supervisors intended to harass and to end her employment with Defendant viNGN.

14. In October 2021, Plaintiff commenced work as the Warehouse Manager of Defendant viNGN's St. Croix facility. Her acceptance of this position was contingent upon a six-month provisional period.

15. Upon information and belief, the previous warehouse manager is a male; Defendant viNGN's St. Thomas warehouse manager is a male; and its replacement manager for the St. Croix facility is a male.

16. From the inception of her assumption of the role of Warehouse Manager, Plaintiff was subject to a litany of harassment from her immediate supervisor, Chief of Staff, Pamela Finley, and later, Defendant Stephan Adams and Severin.

17. Plaintiff was assigned to Defendant viNGN's warehouse facility on St. Croix. Her immediate supervisor was Pamela Finley.

18. Defendant's St. Croix warehouse facility is rife with occupational hazards. The warehouse is

insufficiently secured; has exposed fiberglass insulation within close proximity to Plaintiff's immediate work areas; is insufficiently ventilated and suffers from a large infestation of flies.

19. Plaintiff throughout her first two months as Warehouse Manager, gave notice of these issues to her immediate supervisor, Defendant Finley, and her requests fell on deaf ears.

20. Instead, Defendant Finley made comments to the Plaintiff regarding her ADA related work absences and questioned the Plaintiff as to whether she could physically perform her duties.

21. When the Plaintiff requested assistance in removing old, large, cumbersome a/c ventilation materials from the warehouse, Defendant Finley instructed the Plaintiff to perform the task alone -as if to test the Plaintiff's physical abilities or dissuade the Plaintiff from remaining as the St. Croix Warehouse Manager.

22. Defendant viNGN's St. Croix warehouse is situated at in the William D. Roebuck Industrial Park. This property is adjacent to a brewery which stores its waste/by-products in close proximity to the warehouse.

23. Undoubtedly the brewery is a point source for the large fly infestation at Defendant viNGN's St. Croix warehouse.

24. Yet, the Plaintiff repeatedly requested fly traps and other simple, yet effective abatement measures, and the Defendants failed to timely respond.

25. The result was an untenable working environment for Plaintiff throughout the months of the majority of her probationary period, i.e., October 2021 through March 2022. Defendants belatedly provided fly traps five months later in March 2022.

26. In November 2021, Plaintiff informed Defendant Finley of the need to better secure the warehouse, after an incident wherein an unauthorized individual entered the facility without permission while Plaintiff and another employee were conducting e-waste inventory.

27. Defendants did not take any remedial actions to better secure the facility. Instead, Defendant

Finley instructed Plaintiff report to the Headquarters in Christiansted, in addition to her time spent at the warehouse.

28. Plaintiff again further informed management of exposed fiberglass insulation within her immediate work areas within the warehouse which often dropped pieces of fiberglass onto the work area. *See attached photos of St. Croix Warehouse interior* attached as Exhibit 1.

29. Plaintiff also gave notice of the aforementioned issue to Defendant Severin, Director of Human Resources via written complaint. See Complaint from Plaintiff to Defendant Severin as Exhibit 2.

30. No remedial actions were taken by Defendants viNGN, Severin, or Finley regarding the exposed ceiling and fiberglass insulation.   Plaintiff subsequently filed an OSHA Complaint. That Complaint number is: 43366072.

31. Plaintiff also formally requested that Defendant viNGN construct an enclosure within its St. Croix warehouse purposed to serve as an office space akin to the air-conditioned office enclosure constructed within Defendant viNGN's St. Thomas warehouse facility. This request was referred to Defendants Finley and Severin.

32. The construction of an enclosed office within the warehouse, similar to the constructed office within Defendant viNGN's St. Thomas Warehouse facility, would adequately address Plaintiff's and ostensibly Defendant viNGN's office and security concerns.

33. Upon information and belief, Defendant viNGN constructed an enclosed office in its St. Thomas warehouse for the aforementioned purposes but when requested by the Plaintiff, refused to do so for its St. Croix facility where Plaintiff was assigned.

34. Defendants also excluded Plaintiff from upcoming job opportunities for which she qualified. The Plaintiff experienced a feeling of persona non-grata at her place of employment – Defendant viNGN.

*Williams v. viNGN, et. al.*
Verified Complaint
Page 6

Employee Probation Reviews –

35. On November 8, 2021, Defendant Finley gave a fair evaluation and listed decision making, job knowledge, and producing results as competencies in need of improvement. Defendant Finley identified *inter alia*, the need for Plaintiff to complete MS Excel class and Forklift training. Plaintiff subsequently enrolled and completed Microsoft Excel training. *See Employee 2021-11-08 -Employee Probationary Review and UVI Certificate of Completion Introduction to Microsoft Excel,* attached as Exhibits 3 and 4 respectively.

36. Forklift training was to be facilitated by Defendant viNGN.

37. The Defendant should have advised the Plaintiff what excel program to enroll in at UVI.

38. On January 20, 2022, Plaintiff received her 60-day review for transition to the Warehouse Manager from her immediate supervisor Ms. Finley. *See 2022-01-20 Employee Probation Review* attached as Exhibit 5.  The evaluation, which indicated the need for improvement in all areas of competencies, does not comport with the Plaintiff's actual work performance. For example, Defendant Finley identified the Plaintiff's understanding of NetSuite as an area in need of improvement.  The Plaintiff submits that her work product and confirmation thereof via emails to Defendant Finley negates the unfavourable evaluation and this evaluation was purposed to place the Plaintiff's employment at risk.  Further, the January 20, 2022, evaluation states excessive cell phone usage for personal business as an area in need of improvement. No evidence was proffered or exists to support this accusation; it is pretextual, purposed to give credence to the poor review. Similarly, the January 20, 2022, evaluation further states a need for improvement in displaying responsibility, maturity, and accountability when using Company assets.  This specific area of improvement -like the charge of cell phone usage- is specious. Plaintiff's responsibility includes monthly FAP maintenance. FAP maintenance requires the use of a vehicle to complete the maintenance. Plaintiff submits that on most FAP

maintenance operations, the Plaintiff used her personal vehicle, and not Defendant viNGN's assets. Despite her willingness to use her personal property -at no cost to the Defendants- for the performance of her warehouse manager duties, the Plaintiff's conscientious actions were summarily rebuked in the evaluation dated April 4, 2022.

39. On April 6, 2022, Plaintiff received an email notification of her suspension for 10-days for having her licensed firearm on the job., and although her final probationary evaluation is dated April 4, 2022, and signed by Defendant Finley, the Plaintiff did not receive an evaluation, i.e., in-person communication regarding her work performance from Defendant Finley on April 4, 2022.*See 2022-04-04 Notice of Disciplinary Action,* attached as Exhibit 9.   In fact, Plaintiff first became aware of this evaluation during her June 2, 2022, meeting with Defendant Severin wherein she learned of her demotion.

40.  The April 4, 2022, final probationary report states a need for improvement in all areas of core competencies. *See 2022-04-04 Employee Probation Review,* attached as Exhibit 6. Again, as with her previous evaluation, there was *no communication from management* in regard to inaccuracies in Plaintiff's work product to support the assessment. (Italics for emphasis). Similarly, Plaintiff timely provided her weekly schedule between the Office and Warehouse to her supervisor and co-workers. Plaintiff was accessible telephonically, i.e., her mobile telephone number at all times throughout her daily hours.

41. The April 4, 2022, evaluation was conducted by Defendant Severin. Defendant Finley, Plaintiff's immediate supervisor, did not attend this evaluation and Defendant Severin denied Plaintiff an opportunity to present evidence to refute the poor evaluation.

42. Plaintiff never received training on fork-lift operation. Yet, this training remained a variable considered in her performance evaluation and a requisite skillset for the warehouse manager position.

*Williams v. viNGN, et. al.*
Verified Complaint
Page 8

Employee Disciplinary Actions-

43. Plaintiff was further subjected to arbitrary rules, seemingly created in an ad hoc manner, purposed solely to frustrate Plaintiff and inevitably result in adverse employment action against her. For example, in February 2022, despite the absence of such a rule from the Defendant's employee handbook, the Plaintiff was ordered to stop wearing acrylic nails by her supervisor Ms. Finley.  Ms. Finley was prompted to that arbitrary decision after Defendant Adams made inquiry of "warehouse managers wearing acrylic nails." Again, there is no such prohibition within viNGN's Employee Handbook, attached as Exhibit 7.  Plaintiff work attire was standard in the workplace like her co-workers; she always wore steel-toed boots in the warehouse and sandals in the office like the other employees. However, the Plaintiff was prohibited by Defendant Finley from wearing sandals on the job. As with acrylic nails, there exists no written regulation prohibiting the attire and if such regulation could be gleaned from Defendant's Employee Handbook, that the regulation was not enforced; sandal as footwear is *de riguer* attire at Defendant viNGN's St. Croix office and employees often wore sandals at the office and warehouse without issue.

44. On February 22, 2022, Plaintiff received a written warning from her immediate supervisor, Defendant Pamela Finley, for the Plaintiff's alleged failure to follow instructions, carelessness, and work quality/accuracy. This warning was in response to the Plaintiff's shipment of unused equipment to the St. Thomas facility.  The previous day, Plaintiff received a call from Defendant Finley from the office phone stating that the Plaintiff needed to immediately leave the office and head to the warehouse. The Plaintiff was instructed to issue conduits to WAPA and had no idea that an agreement had taken place between WAPA and viNGN in regards to equipment. Defendant viNGN employees Alex Adams and Felix Williams were included in

an email thread discussing the agreement, yet Plaintiff, the manager of Defendant viNGN's St. Croix Warehouse was not notified regarding the agreement.  None of the viNGN employees thought to include Plaintiff in the thread. When Plaintiff requested the email thread from colleague Felix Williams, she did not get a response. There was a clear lack of communication between Defendants and Plaintiff with respect to the conduits and agreement with WAPA.

45. Defendant Finley's warning was based upon information that was not relayed to the Plaintiff. The Plaintiff was instructed by Defendant Finley to ship equipment to St. Thomas and sent them the same day as instructed yet received a written warning from her supervisor Defendant Finley.  *See Notice of Disciplinary Action dated February 22, 2022,* attached as Exhibit 8.  There was no communication between the Plaintiff and her supervisor respective to any errors with the shipment. Further, Defendant Finley mischaracterizes the Plaintiff's response regarding the use of viNGN's vehicles to transport a package.  Plaintiff delivered the package using her personal vehicle because her colleague Alex Adams took the keys to the vehicle that was to transport the package and the remaining vehicles (OSP vehicles) were not used because of those vehicles were scheduled for use that morning.

46. On April 6, 2022, the Plaintiff was suspended for her concealed carry of her personal firearm at her workplace. This suspension is a prima facie ex-post facto adverse employment action (suspension).  The concealed carry of personal weapons by Defendant viNGN employees is the norm and the Plaintiff, after the unauthorized trespasser incident in November 2021 at Defendant viNGN's STX Warehouse, began to carry her personal firearm, as like many of her colleagues. Other employees carried their personal weapons. On April 6, 2022, Plaintiff received the aforementioned ten-day suspension without pay for violation of company policy; carelessness and safety. *See Notice of Disciplinary Action dated April 6, 2022,* attached as Exhibit

9. Plaintiff was suspended for carrying on her person, her duly registered firearm. Plaintiff has a license to carry her personal firearm and the firearm was not brandished nor was there any inappropriate handling of the firearm by the Plaintiff. Rather her weapon was concealed in her clothing. The Defendant's Employee Handbook does not explicitly prohibit employees from carrying firearms nor were there any written directives or regulations regarding employees and the carrying of personal protection firearms. Further, other employees carried their concealed weapons while on the job - without issue.

47. On April 25, 2022, Plaintiff made a formal complaint against Defendant Finley to Human Resources Director, Mrs. JoAnna Severin. *See Plaintiff's Complaint to Human Resources,* attached as Exhibit 10. Human Resources Director Mrs. JoAnna Severin and Mr. Stephan Adams selected Ms. Elisa Hodge, of viNGN to conduct the investigation of Plaintiff's Complaint notwithstanding the Plaintiff's request for an impartial, independent investigation conducted by an outside entity. *See 2022-05-02 email from Plaintiff to Ms. Elisa Hodge, Controller, viNGN,* attached as Exhibit 11.

48. On May 4, 2022 – Plaintiff received a change of disciplinary action from suspension to reprimand -for not notifying management of Plaintiff carrying her licensed firearm on her person at the workplace. *See 2022-05-04 Letter from viNGN to Plaintiff,* attached as Exhibit 12. The pay withheld during the unpaid suspension was reinstated. However, the absence of such a prohibition from the Employee Handbook demonstrates the specious nature of the reprimand and the Defendants 'animus towards the Plaintiff.

49. On June 2, 2022, Defendant Severin held a meeting at the office to review Plaintiff's final probation/performance evaluation made by Defendant Finley dated April 4, 2022. Defendant Finley, Plaintiff's immediate supervisor and composer of the evaluation, did not attend the evaluation. That evaluation was unsurprisingly negative. Severin gave the option to either take

a severance package which would include 4 months' pay at the Plaintiff's original rate of $53,000.00 dollars, upon the Plaintiff executing a resignation letter that Defendant Severin prepared or be reassigned to finance with a pay reduction of $10,000.00 dollars. *See 2022-06-02 letter of demotion,* attached as Exhibit 13. Plaintiff did not agree with either option and asked if she could seek legal counsel before she made her choice. Severin replied that if the Plaintiff did not immediately give her decision or if she left the building without providing her decision, that she (Plaintiff) would be immediately terminated.  Defendant Severin premised her remedial action, i.e., Plaintiff's demotion and reassignment to the Finance/Accounting Department as an Accounting Clerk, upon Defendant Finley's negative evaluations. The reassignment included a pay reduction to $43,680.00 dollars. The Plaintiff was placed in an untenable position and considering her circumstances, signed the June 2, 2022, letter of demotion, under extreme duress. *See Id.*

50. Plaintiff challenged Defendant Finley's April 4, 2022, Evaluation as wholly specious, biased, and inaccurate and offered to submit her work emails that confirmed her completion of all assignments received from Defendant Finley. Defendant Severin took no affirmative attempts to review the offered information towards the veracity of Defendant Finley's assessments. There was no review of the evaluation, only unilateral support of Defendant Finley's assessment.

At that meeting, Plaintiff requested the results of her April 25, 2022, formal complaint against Defendant Finley. Defendant Severin denied sharing the results of the investigation with Plaintiff stating that the results were privileged and confidential property of Defendant Adams.

51. Further, upon information and belief, prior to the June 2, 2022, meeting, Defendant viNGN

had retained and began training an employee in the warehouse coordinator position[1].

52. Shortly thereafter, Defendants blocked Plaintiff's access to her work email.

53. In toto, Defendants' actions were unfair, biased, misleading, intended to make Plaintiff's workplace intolerable and to force Plaintiff from employment. Plaintiff is a full-time employee of Defendant viNGN, is competent and qualified as a Warehouse Manager, and prefers to remain employed in that capacity. Yet, despite her qualifications and work product, she was subjected to constructive termination, i.e., demotion.

54. Plaintiff took leave in May 2022 and on July 1, 2022, the Plaintiff, through her Counsel, requested reinstatement. While out on leave, Defendant viNGN continuously contacted the Plaintiff and harassed her within inane requests such as the return of her work laptop, office keys, and any paper that came out of the Defendant viNGN's office or its printer(s).

55. On or about July 18, 2022, Plaintiff filed an EEOC Complaint [EEOC Charge Number: 515-2022-00444] wherein Plaintiff alleged, *inter alia,* hostile work environment, discrimination and prohibited retaliatory acts by the Defendants. *See EEOC Charge No. 515-2022-00444,* attached as Exhibit 15.

56. On July 21, 2022, Defendant viNGN through its Human Resources Director, Defendant Severin, denied the Plaintiff's request for reinstatement and informed the Plaintiff that should she not return to work on Monday, July 25, 2022, her employment with Defendant viNGN would be terminated.

57. The parties attempted informal mediation regarding Plaintiffs' demotion and on August 11, 2022, Defendant viNGN through its counsel, provided an August 15, 2022, return to work ultimatum.

---

[1] viNGN employs either a Manager or a Coordinator at the St. Croix facility. During the tenure of Plaintiff at viNGN, there had not been both Manager and Coordinator positions filled simultaneously for that facility.

58. On August 12, 2022, Plaintiff, after thoughtful consideration on her responsibilities including her adolescent son and having felt coerced throughout the process by the Defendant Severin, reluctantly assented to the ultimatum.

59. On August 13, 2022, the Plaintiff received correspondence from Defendant viNGN through its Director of Human Resources, Defendant Severin, that prohibited the Plaintiff from all of Defendant viNGN's facilities until the EEOC complaint "is removed." [sic]. *See* Exhibit 14.

60. Plaintiff has been seemingly ex-communicated by Defendant viNGN. Her co-workers have been informed to not communication with her; she is being excluded for company meetings and gatherings, e.g., Defendant viNGN's Christmas party); does not receive any updates on company information and has no access to her company email account.

61. The Plaintiff's distress, experienced as a result of the Defendants' continuous pattern of disparate treatment and unrelenting retaliatory acts against her during her employment as Defendant viNGN's Warehouse Manager (STX) is likely to without the intervention of a Court of competent jurisdiction.

62. On January 9, 2023, Plaintiff received a RIGHT TO SUE letter on EEOC Charge Number: 515-2022-00444. *See* Exhibit 16.

## CAUSE OF ACTION I –14TH AMENDMENT DUE PROCESS VIOLATION AND EQUAL PROTECTION VIOLATION - IN EMPLOYMENT ACTION – EMPLOYEE EVALUATION DATED JUNE 2, 2022- DEFENDANT SEVERIN

63. Plaintiff incorporates paragraphs one through sixty-two of her Complaint as if stated herein verbatim.

64. Defendant Severin is a person within the meaning of 42 USC Section 1983.

65. Defendant Severin conducted Plaintiff's final probation/performance evaluation on June 2, 2022, in her capacity as Human Resources Director in the absence of Plaintiff's immediate supervisor, Defendant Finley. Defendant Severin is not Plaintiff's supervisor, nor has she

served in that capacity.

66. Defendant Severin's June 2, 2022, evaluation was based solely upon findings made by Defendant Finley as reflected in her April 4, 2022, employee evaluation of Plaintiff.

67. Defendant Severin did not afford Plaintiff an opportunity to present rebuttable evidence to the poor evaluations made by Defendant Finley.

68. Defendant Severin's actions deprived Plaintiff of due process and equal protection rights in her employment and was injurious to Plaintiff.

### CAUSE OF ACTION II-14th AMENDMENT DUE PROCESS AND EQUAL PROTECTION VIOLATIONS – DEFENDANTS viNGN, STEPHAN ADAMS, JOANNA SEVERIN – ACCESS TO EMPLOYEE RECORDS

69. Plaintiff incorporates paragraphs one through sixty-eight as if stated herein verbatim.

70. Plaintiff's formal complaint against Defendant Finley resulted in Defendant viNGN -through its Director of Human Resources- Defendant Severin, to assign the investigation of Plaintiff's Complaint to Ms. Elisa Hodge, an employee of Defendant viNGN, despite Plaintiff's requests for an impartial investigator.

71. Notwithstanding the Defendant's denial of Plaintiff's request for an impartial investigator, Ms. Elise Hodge prepared a report (Hodge-Report) that was thereafter submitted to Defendant Adams and ostensibly placed within Plaintiff's employee records.

72. When Plaintiff became aware of the completion of Hodge-Report, she requested a copy of the report and was denied.

73. Defendant Severin denied sharing the results of the investigation with Plaintiff stating the results were "privileged and confidential property of the CEO," Defendant Adams.

74. Defendants viNGN, Adams, and Severin's violated Plaintiff's due process and equal protection rights under the 14th Amendment when they failed to share the results of the Hodge-Report with Plaintiff.

75. Defendants' actions were injurious to Plaintiff.

## CAUSE OF ACTION III-CIVIL RIGHTS ACT OF 1964 - RETALIATORY ADVERSE EMPLOYMENT ACTION IN VIOLATION OF 42 U.S.C. §2000, et. seq. - DEFENDANT FINLEY

76. Plaintiff incorporates paragraphs one through seventy-five of her Complaint as if stated herein verbatim.

77. Plaintiff posit that after she disclosed the Board member's name to Defendants Adams and Severin, that she has been subjected to prohibited retaliatory practices by immediate supervisor and Chief of Staff, Defendant Pamela Finley. The zenith of Finley's retaliatory actions is found in her performance evaluations of the Plaintiff. On three occasions after Plaintiff's disclosure, Defendant Finley has submitted evaluations of Plaintiff that were specious and purposed to cause the Plaintiff to suffer adverse job actions, i.e., demotion or termination.

78. On November 8, 2021, Defendant Finley gave Plaintiff her first probationary evaluation as Warehouse Manager and identified, *inter alia,* the need for Plaintiff to complete MS Excel class and Forklift training. Such training is provided by Defendant viNGN and/or training sourced and provided by Defendant viNGN to its employees.

79. Plaintiff on her own volution and expense, enrolled and successfully completed MS Excel course at the University of the Virgin Islands.

80. In this instance, Defendant viNGN nor Plaintiff's supervisors, i.e., Defendants Finley, Severin and Adams neither attempted to provide training in MS Excel or Forklift training to Plaintiff. Rather, Defendant Finley chided Plaintiff for selecting and completing an MS Excel course allegedly incompatible with Defendant viNGN's systems, and further, rated Plaintiff poorly in her evaluations premised, *inter alia*, on her failure to complete the aforementioned trainings.

*Williams v. viNGN, et. al.*
Verified Complaint
Page 16

81. On January 20, 2022, Defendant Finley completed Plaintiff's 60-day review which indicated Plaintiff required improvement in all areas of competencies. This evaluation does not comport with Plaintiff's actual work performance and nor does evidence exist to support the contrary. Further, Defendant Finley states, excessive cell phone use as an issue requiring improvement. This statement is unsupported by evidence and made solely to cast the Plaintiff as an unfavorable employee.

82. Again, on April 4, 2022, Defendant Finley completed Plaintiff's final probationary review where unsurprisedly, Plaintiff was said to require improvement in all areas of core competencies. As with the previous evaluations, there was no communication from management in regards to inaccuracies in Plaintiff's work product to support the poor assessment. Plaintiff timely provided her schedule between Office and warehouse to Defendant Finley and co-workers.

83. Defendant Finley's evaluations, rife with inaccuracies, accomplished their intended purpose, i.e., to cause the Plaintiff to suffer adverse job action.

84. Defendant Finley disparate treatment of the Plaintiff was premised on the Finley's harboring gender stereotypes, i.e., preconceived bias towards a female employed a position normally occupied by a male, made in retaliation to the Plaintiff's innocuous conversation with a Board Member that was interpreted incorrectly by Defendants Adams and Severin.

85. The Defendant's actions were all injurious to the Plaintiff.

## CAUSE OF ACTION IV - ABUSE OF PROCESS
### - DEFENDANT PAMELA FINLEY

86. Plaintiff incorporates paragraphs one through eighty-five of her Complaint as if stated herein verbatim.

87. Defendant Finley, in her capacity as Plaintiff's immediate supervisor, used her position as

Plaintiff's supervisor, to harass, intimidate, underrate and otherwise create an untenable working environment for the Plaintiff.

88. Defendant Finley actions, supported by Defendants' Adams, and Severin in her jihad against the Plaintiff, constitutes prima facie abuse of process.

89. The Defendant's actions were all to the Plaintiff's detriment.

## CAUSE OF ACTION V- CIVIL RIGHTS ACT OF 1964 - RETALIATORY ADVERSE EMPLOYMENT ACTION IN VIOLATION OF 42 U.S.C. §2000, et. seq.-DEFENDANT SEVERIN

90. Plaintiff incorporates paragraphs one through eighty-nine of her Complaint as if stated herein verbatim.

91. Defendant Severin, as Human Resources Director, supported the opinion of Defendant Finley and conducted Plaintiff's April 4, 2022, in-person evaluation sans supervisor Finley, erstwhile knowing that the evaluation contained unfavorable findings and would result in adverse action against the Plaintiff.

92. Defendant Severin intentionally conducted the evaluation without the Plaintiff's immediate supervisor, in response, *inter alia*, to Defendant Adams' opinion regarding the Plaintiff and the Plaintiff's complaints regarding the warehouse. Defendant Severin intentionally did not allow Plaintiff to defend against specious, false evaluations.

93. Severin later reassigned Plaintiff to an accounting position at a lower salary – a consequence of the Plaintiff's poor evaluations. Plaintiff immediately appealed her demotion.

94. Soon after, in July 2022, filed a complaint with the EEOC, i.e., Charge No. 515-2022-00444. *See* Exhibit __.

95. Severin flatly refused her appeal and instead, gave Plaintiff an ultimatum - return to work by August 15, 2022, in the accounting position at a lower salary or be terminated and further, prohibited the Plaintiff from all of Defendant viNGN's facilities until the EEOC complaint

"is removed." [sic].

96.  Defendant Severin's actions were intentionally taken to deprive Plaintiff of due process and evidences a pattern of severe and pervasive ill-treatment to wit the Plaintiff has been subjected.

97.  The Defendant's actions were all injurious to the Plaintiff.

### CAUSE OF ACTION VI- VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT CIVIL RIGHTS ACT OF 1964- RETALIATORY ADVERSE EMPLOYMENT ACTION IN VIOLATION OF 42 U.S.C. §2000, et. seq.- DEFENDANTS VINGN, ADAMS

98. Plaintiff incorporates paragraphs one through ninety-seven of her Complaint as if stated herein verbatim.

99. Defendant Finley in her capacity as Plaintiff's immediate supervisor intentionally, purposefully, maliciously, wrote untruthful and/or gave performance evaluations that were not supported by evidence.

100.    Defendant Finley inappropriately used her position as Plaintiff's immediate supervisor to poorly rate Plaintiff in her probationary performance evaluations.

101.    Defendant Finley abused her position of authority as Plaintiff's immediate supervisor and is the direct and proximate cause the adverse employment action taken by Defendant viNGN against Plaintiff on June 2, 2022, and subsequent adverse employment actions taken against Plaintiff.

102.    Defendant Finley's actions, injurious to Plaintiff, were part and parcel the vehicle with which Defendants viNGN, Adams, Severin, and Finley employed to create an untenable working environment for Plaintiff. These acts were performed with the support of Defendant Severin and condoned by Defendant Adams towards the removal of an otherwise good employee.

103.    Plaintiff was a victim of Defendants intentional employment discrimination based on disparate treatment.

104.

## CAUSE OF ACTION VI – VIOLATIONS OF  10 VIC §64 AND 24 VIC 451 – DEFENDANTS viNGN, ADAMS & SEVERIN

105.    Plaintiff incorporates paragraphs one through one hundred three of her Complaint as if stated herein verbatim.

106.    Defendants viNGN, Adams and Severin's demoted Plaintiff in retaliation to her conversation with the Board Member in August 2021, premised upon specious evaluations, and in an effort to force the Plaintiff to resign, suffer loss of income, damaged reputation, or otherwise seek employment elsewhere.

107.    Defendants' actions were all injurious to the Plaintiff and the Plaintiff is entitled to damages as a consequence.

## CAUSE OF ACTION VII – VIOLATION OF THE AMERICAN DISABILITIES ACT, 42 U.S.C. § 12101, et seq.  - DEFENDANTS' viNGN, ADAMS, SEVERIN, FINLEY

108.    Plaintiff incorporates paragraphs one through one hundred six of her Complaint as if stated herein verbatim.

109.    Defendants viNGN, Adams and Severin's demoted Plaintiff in retaliation to her conversation with the Board Member in August 2021, premised upon specious evaluations, disparate treatment, and demotion, in an effort to force the Plaintiff to resign or otherwise seek employment elsewhere.

110.    Defendants' actions were all injurious to the Plaintiff and the Plaintiff is entitled to damages as a consequence.

## CAUSE OF ACTION VII - HOSTILE WORK ENVIRONMENT

111.    Plaintiff incorporates paragraphs one through one hundred five of her Complaint as

*Williams v. viNGN, et. al.*
Verified Complaint
Page 20

if stated herein verbatim.

112.     The Defendants conduct constitutes a retaliatory hostile work environment.

113.     Defendants' actions were all injurious to the Plaintiff and the Plaintiff is entitled to

damages.

## CAUSE OF ACTION VIII - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

114.     Plaintiff incorporates paragraphs one through one hundred twelve of her Complaint

as if stated herein verbatim.

115.     Throughout Plaintiff's tenure as the St. Croix Warehouse Manager, the Plaintiff was

subjected to a continuous pattern of intolerable and prohibited employer conduct that resulted

in the Plaintiff suffering severe emotional distress.

116.     The Plaintiff is entitled to damages for the intentional torts of the Defendants.

## CAUSE OF ACTION IX - COMPENSATORY DAMAGES

117.     The Plaintiff incorporates paragraphs one through one hundred fifteen of her

Complaint in this cause of action as if stated here verbatim.

118.     The Plaintiff is entitled to compensatory damages for the Defendants' wrongful

conduct on her claims of violations of procedural due process, retaliatory adverse employment

actions and tort.

## RELIEF REQUESTED

The Plaintiff requests that this Court issue a judgment that declares the employment practices

of the Defendants against the Plaintiff as unlawful and enter an order that:

a.   declares the Defendants' aforementioned actions wrongful and in contravention of the 14th

Amendment of the U.S. Constitution as made applicable through the Revised Organic Act of

1954; the American Disabilities Act, The Civil Rights Act of 1964 and 1991, and Virgin Islands

Code Ann. tit. 10 section 64 and tit. 24 section 451, respectively.

b.  enjoins the Defendants from demoting the Plaintiff to an accounting position within viNGN,

c.  orders the Defendant viNGN to reinstate the Plaintiff to the Warehouse Manager position, at her previous salary with commensurate cost of living salary increase and with back-pay, for Defendants' retaliatory actions,

d.  reprimands the Defendants for their unlawful employment practices,

e.  orders a public apology from Defendants,

f.  orders the Defendants, jointly and severally, to pay the Plaintiff compensatory damages for their unlawful employment practices taken against the Plaintiff and for emotional distress,

g.  orders the Defendants pay the Plaintiff's attorney's fees costs,

h.  orders post-judgment interest on Plaintiff's monetary judgment, and,

i.  such other relief that is appropriate and just.

Respectfully submitted,

**MANNING LEGAL SERVICES P.C.**

DATED:  February 16, 2023

/s/ *Atiim Dia Abraham*

Atiim Dia Abraham, Esq.
53A Company St., 2nd Fl.
2120 Company St., Ste 1
Christiansted VI 00820-4945
(P) 340-719-0601 Ext. 115
(C) 954-706-8831
(F) 888-364-1967
manninglegalpc@gmail.com
atiimdia@gmail.com

*Williams v. viNGN, et. al.*
Verified Complaint
Page 22

**VERIFICATION**

**TERRITORY OF THE VIRGIN ISLANDS**                     §
                                                        §
**DISTRICT OF ST. CROIX**                               § ss:

I, **ELLISHA T. WILLIAMS**, being duly sworn, deposes and says that she is the Plaintiff in the above-entitled action; that she has read the foregoing Complaint and knows the contents thereof, and that the same is true to her knowledge.

_____
**ELLISHA T. WILLIAMS**, Plaintiff

SUBSCRIBED AND SWORN TO before me

this __16__ day of February, 2023.

_____

> THELMA M. MANNING
> Notary Public
> St. Croix, U.S. Virgin Islands
> 475-21
> My Commission Expires June 9, 2025

22
